

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2005

# Doumit v. Coldwell Banker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2061

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Doumit v. Coldwell Banker" (2005). *2005 Decisions.* Paper 974.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/974

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-259                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-2061 & 05-2504 (consolidated)
_____

GEORGE MICHAEL DOUMIT,

Appellant

v.

COLDWELL BANKER REALTORS, Executive Offices;
JOSEPH ASSENZIO; WEICHERT REALTORS; DAN KATZ; MARIA L. FALCHIER;
JACKIE, Last Name Unknown; MARNIE, Last Name Unknown; CITY OF HOBOKEN,
NEW JERSEY; STATE OF NEW YORK PROBATION AND PAROLE
DEPARTMENTS; BURGDORF ERA REALTOR EXECUTIVE OFFICES;
CORPORATE REALTY & KOSMOS BAGDANOS JR., Owner/C.E.O.; LIBERTY
REALTY L.L.C. & JOSEPH C. COVELLO, Owner/C.E.O.; MAYOR DAVID
ROBERTS, Current Mayor: City of Hoboken, New Jersey

_____
On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-00732)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible
Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
June 3, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges

(Filed   June 22, 2005 )
_____

OPINION
_____

PER CURIAM

Appellant George M. Doumit appeals from a District Court order dismissing his amended complaint as frivolous. The appeal is frivolous, and we will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On February 3, 2005, Doumit filed a complaint in the District Court for the District of New Jersey. After reviewing the complaint, the District Court concluded that as written, the complaint failed to satisfy Federal Rule of Civil Procedure 8, was unnecessarily complicated, and extremely verbose. The District Court then dismissed the complaint without prejudice, providing Doumit twenty days in which to file an amended complaint. Doumit complied, but also filed a notice of appeal with this Court. Before this Court could act on the appeal, the District Court found that Doumit failed to cure the defect and dismissed the amended complaint as frivolous. Doumit then filed a new notice of appeal. The appeals were consolidated and are now ripe for review.[1]

An appeal is frivolous if it lacks an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Despite the practice of liberally construing a complaint in favor of a pro se litigant, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), Doumit's appeal is completely lacking in arguable legal merit.

---

[1] With respect to Doumit's first notice of appeal, the order was not final or appealable at the time of filing and thus, we lack jurisdiction. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976).

Doumit's amended complaint names countless defendants over the course of thirty-four pages. The following passage is typical of the claims that appear throughout the complaint:

> THE CITY OF HOBOKEN N.J. POLICE DEPARTMENT;
> and its "INDIVIDUAL POLICE OFFICERS;" in connections to:
> *** Multiple Reports and Criminal Complaints File By Credible Victim/Complainant George M Doumit, regarding *"""Assailant(s) """* Silvina Clariana together with her extremely violent """RACKETEERING""" Career Criminal """BOYFRIEND""" A.K.A. MR. DISLA: ("Silvina Clariana Disla's current Husband to date"), Silvina Clariana's and Mr. Disla's multiple Stalking(s), Attack(s), Assault(s), Theft(s), and Vandalism(s) Of their Victim(s) ("the Plaintiff(s): George M. Doumit and his Properties") which took place "within the Offices" Of Weichert Realtors, One-Newark Street, Hoboken, New Jersey . . . . DEFENDANTS

Amended Complaint, at 5.

The above quotation appears to be the extent of the complaint against this Defendant. Additionally, Doumit makes other references to injuries such as loss of employment, loss of business, breach of contract, and numerous other thefts and assaults, but fails to provide support for any of his claims. To the extent that exhibits are provided, they offer no assistance. The exhibits include letters relating to an application for social security benefits, two pages of grainy photographs of himself, and a complaint filed with the Social Security Administration. However, none of the exhibits appear to relate directly to any of the alleged injuries. We can discern no clear actionable claim amongst Doumit's dense thicket of small print, underlines, italics, and quotations.

Accordingly, the appeal is dismissed as frivolous under § 1915(e)(2)(B).

---